**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113670

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michelle L. Reynolds, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| United Collection Bureau, Inc., | |
| Defendant. | |

Michelle L. Reynolds (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against United Collection Bureau, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**PARTIES**

5. Plaintiff Michelle L. Reynolds is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant United Collection Bureau, Inc., is an Ohio Corporation with a principal place of business in Lucas County, Ohio.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 18, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Debt was incurred on a Best Buy credit card underwritten by Citibank, N.A.

18. The Letter sets forth an "Minimum Payment Due" of $341.00.

19. The Letter sets forth a "New Balance" of $2,515.53.

20. The Letter states, "As of the date of this letter, you owe the above stated New Balance amount. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received."

21. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

22. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

23. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

24. For instance, the Letter fails to indicate the applicable interest rate.

25. For instance, the Letter fails to indicate the date of accrual of interest.

26. For instance, the Letter fails to indicate the amount of interest during any measurable period.

27. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

28. The Letter fails to state what part of the amount stated is attributable to principal.

29. The Letter fails to state what part of the amount stated is attributable to interest.

30. The Letter fails to state what part of the amount stated is attributable to late fees.

31. The Letter fails to state what part of the amount stated is attributable to other fees.

32. The Letter fails to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

33. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

34. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

35. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

36. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

37. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

38. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

39. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## JURY DEMAND

40. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: April 19, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113670